IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY MARYLAND

THOMAS JOHN ALSTON
10012 Cedarhollow Lane
Largo, Maryland 20774

  *on behalf of himself and*
  *all others similarly situated*

  Plaintiff,

v.  Case No. ~~CAET5~~ CAL15-25163

EQUIFAX INFORMATION SERVICES, LLC
Serve: CSC-Lawyers Incorp Srvc Co.
7 Saint Paul Street, Suite 820
Baltimore, Maryland 21202

  Defendant.

## COMPLAINT AND JURY TRIAL DEMAND
### (CLASS ACTION)

COMES NOW the Plaintiff, Thomas John Alston, ("Plaintiff") by counsel, and for his Complaint against the Defendant, alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages brought pursuant to 15 U.S.C. § 1681 et seq. (Fair Credit Reporting Act or "FCRA") and breach of contract.

### PARTIES

2. The Plaintiff is a natural person and a "consumer" as defined by FCRA.

3. Equifax is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f).

### FACTS

4. Plaintiff previously sued the Defendant in March 2013. The case was filed in the Circuit Court for Prince George's County and was assigned case number CAL13-07161. The case was removed to US District for the District of Maryland.

1



5. Plaintiff was represented by attorney Scott Borison, who negotiated a settlement agreement with the Defendant's attorney Brian Olson.

6. Plaintiff agreed to dismiss the case and Defendant agreed to pay five thousand dollars and remove the disputed accounts.

7. After the parties agreed to settle, via email and/or oral discussions, Brian Olson prepared the settlement agreement on or about August 2, 2013.

8. Although the settlement negotiations pertained only to the tradelines -- ASC, HSBC and Cavalry -- that were the subject of the lawsuit, Equifax's demanded a general release that included tradelines, collection accounts or public records that were not included in the lawsuit nor considered during the settlement negotiations.

9. Plaintiff dismissed his lawsuit as agreed pursuant to the settlement agreement.

10. The Defendant has not paid the agreed upon settlement amount.

11. Plaintiff also sued Capital One in relation to the HSBC account that was being reported by Equifax.

12. Plaintiff entered into a settlement agreement with Capital One that, among other things, required Capital One instruct Equifax to delete the HSBC tradeline from Plaintiff's credit report.

13. Upon information and belief Capital One instructed Equifax to delete the HSBC account from Plaintiff's credit report.

14. In September 2013 the Plaintiff obtained his Equifax credit report from and found the HSBC tradeline back on his report.

15. HSBC was listed as the creditor and/or source of the information of the tradeline appearing on Plaintiff's credit report, even though Capital One is the actual creditor and the

entity that would furnish the information pertaining to the account.

16. For unknown reasons Equifax names HSBC as the furnisher of information while knowing the actual entity that would report such information to Plaintiff's Equifax credit file is Capital One.

17. The plaintiff disputed the HSBC with Equifax on or about September 11, 2013. In his dispute he advised Equifax that "HSBC has indicated ... that it is no longer reporting this account." Additionally, the Plaintiff reiterated to Equifax that [o]n several occasions in the past I have supplied ... documentation establishing that I did not open this account."

18. On October 14, 2013 Equifax issued its reinvestigation results, which indicated that "[w]e verified that this item belongs to you."

19. In correspondence dated October 18, 2013 Plaintiff requested a description of Equifax's investigation that specifically requested:

   a. Who Equifax communicated with at HSBC;
   b. What Equifax communicated to HSBC;
   c. Contact information for the person Equifax contacted at HSBC; and
   d. Equifax disclose if it relied on any other source in its investigation.

20. After receiving no response to his request for description Plaintiff then followed up with another, more in-depth dispute to Equifax on November 9, 2013. In his dispute the Plaintiff provided Equifax with the case number of the previous lawsuit and contact information for the attorney that represented Capital One in that lawsuit. Plaintiff explained that Equifax would need to contact Capital One's or HSBC's legal department or the attorney from the previous lawsuit to investigate his dispute properly and effectively.

21. Although Plaintiff's dispute was not delivered until November 15, 2013, Equifax issued its reinvestigation results on November 15, 2013 in which it "verified that this item

belongs to you."

22. Then again on December 16, 2013 Equifax issued another reinvestigation result, which repeated "We verified that this item belongs to you." Again Equifax directed Plaintiff to contact Capital One with any additional questions.

23. On December 24, 2013 the Plaintiff sent another dispute letter to Equifax. In his letter he included a copy of his Trans Union investigation results indicating that Trans Union deleted the Account. He went on to state that Equifax needs to verify that "Hsbc Bank has a credit card application because they have refused to provide one for me." Continuing, he provided the contact information of Capital One's attorney for Equifax to investigate his claim that the HSBC account should be deleted. He concluded with a request for a description of his prior dispute.

24. A week later on the 2nd of January 2014 Plaintiff mailed his police (identity theft) report as an enclosure with a supplemental dispute letter to bolster his December 24, 2013 dispute.

25. On January 8, 2014 Equifax issued the results of its reinvestigation and concluded "that the hsbc account /515597018501 is not reporting on your Equifax credit file."

## CLASS ACTION ALLEGATIONS

26. Plaintiff brings this action individually on behalf of the following Class: All consumers in the state of Maryland to whom, beginning two years prior to filing this Complaint and continuing through the resolution of this action, requested from Equifax and received a document that identified "HSBC" as the source of a credit card tradeline showing credit reporting information on or after June 2012.

27. On information and belief, the Class is so numerous that joinder of all members is

4

pursue this claim. The interests of members of the Class will be fairly and adequately protected by Plaintiff and his counsel.

31.     Questions of law and fact common to the class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages suffered by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Class to individually effectively redress the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will allow the Court to resolve numerous individual claims based upon a single set of proof in one case.

### COUNT ONE: 15 U.S.C. §1681e(b) FIRST CLASS CLAIM

32.     Plaintiff incorporate paragraphs 1-31 by reference.

33.     Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports it furnished regarding the named Plaintiff and the putative members of the Class.

34.     Pursuant to 15 U.S.C. §1681n, Defendant is liable for statutory and punitive damages, as well as attorney fees and costs, in an amount to be determined by the Court for violating 15 U.S.C. §1681e(b).

6

## COUNT TWO: 15 U.S.C. §1681g(a)(2) SECOND CLASS CLAIM

35. Plaintiff incorporate paragraphs 1-25 by reference.

36. Equifax violated 15 U.S.C. §1681g(a)(2) as to the named Plaintiff and each member of the putative Class by failing to clearly and accurately disclose the source of the information furnished for the HSBC tradeline.

37. Pursuant to 15 U.S.C. §1681n, Defendant is liable for statutory and punitive damages, as well as attorney fees and costs, in an amount to be determined by the Court for violating 15 U.S.C. §1681g(a)(2).

## COUNT THREE: 15 U.S.C. §1681i(a) INDIVIDUAL CLAIM

38. Plaintiff incorporate paragraphs 1-25 by reference.

39. A reasonable investigation of Plaintiff's dispute would have involved Equifax reading the dispute letter, reading and reviewing the dispute letter enclosures, forwarding the dispute letter and enclosure to the furnisher and contacting Capital One's attorney to inquire as to whether the tradeline should have been removed.

40. Equifax failed to conduct any of the acts outlined in para 40 immediately above.

41. Equifax's investigation was in fact not an investigation at all. Equifax either did not forward the dispute to Capital One and simply confirmed the information as accurate, or Equifax created an ACDV that inaccurately described and characterized Plaintiff's dispute and parroted the results of Capital One's instructions without verifying Capital One performed any substantial investigation, much less did Equifax perform its own individual investigation.

42. Equifax violated 15 U.S.C. §1681i(a)(1),(5)(A) by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and delete the item from the Plaintiff's credit file.

43. Equifax violated 15 U.S.C. §1681i(a)(2) by failing to provide the furnisher all relevant information regarding the Plaintiff's dispute.

44. Equifax violated 15 U.S.C. §1681i(a)(2) by failing to review and consider all relevant information submitted by Plaintiff with his disputes.

45. Equifax's foregoing violations has caused the Plaintiff to suffered damages including out-of-pocket costs, loss of credit and employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

46. Pursuant to 15 U.S.C. §1681n, Equifax's willful violation(s) of §1681i(a) renders it liable for statutory and punitive damages, and actual damages for its negligent violation(s), as well as attorney fees and costs, in an amount to be determined by the Court pursuant to §1681n and §1681o.

## COUNT FOUR: BREACH OF CONTRACT INDIVIDUAL CLAIM

47. Plaintiff incorporate paragraphs 1-25 by reference.

48. Plaintiff and Defendant entered into a settlement agreement.

49. Equifax breached the settlement agreement when it failed to pay $5,000.00 to the Plaintiff after Plaintiff dismissed his lawsuit.

50. Equifax's breach of the contract caused the Plaintiff not to receive the $5,000.00.

51. Defendant is liable for all compensatory damages, including costs/expenses to enforce the settlement agreement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in his favor for the following:

(a) Certification of the putative Class;

(b)     Judgment for statutory damages against Defendant Equifax on each class claim in an amount between $100 and $1,000 per violation per Class member, pursuant to 15 U.S.C. 1681n(a)(1)(A);

(c)     Judgment for punitive damages against Defendant Equifax on each class claim pursuant to 15 U.S.C. 1681n(a)(2);

(d)     Approval of a $15,000 to $25,000 incentive award for Plaintiff;

(e)     Award costs and reasonable attorney's fees pursuant to 15 U.S.C. 1681n(a)(3);

(f)     Judgment for actual, statutory and punitive damages against Defendants on his individual claims; and

(g)     Any such other relief the Court deems just, equitable and proper.

**TRIAL BY JURY IS DEMANDED**

Respectfully submitted,

THOMAS ALSTON

*[signature]*

Thomas Alston
10012 Cedarhollow Ln
Largo, MD 20774
(301) 350-5780
*Pro Se Plaintiff*

9

US POSTAGE
CAPITOL HEIGHTS, MD
20790
OCT 30 15
AMOUNT
$12.20
R2305K141938-32

7015 0640 0001 1575 1395

Lola Gabrielle
Lanham MD 20706

RETURN RECEIPT
REQUESTED

US Lawyers Trust
508 Saint Paul Street
Baltimore

PRIORITY MAIL
UNITED STATES POSTAL SERVICE
Visit us at usps.com
Label 107R, January 2008